IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER A. TAYLOR,

    Petitioner,        No. CIV S-08-1194 GEB DAD

  vs.

D.K. SISTO, Warden,

    Respondent.      FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the July 25, 2006 decision of the California Board of Parole Hearings ("Board") to deny him parole. On July 1, 2008, the undersigned ordered respondent to file and serve a response to the petition. On October 2, 2008, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to respondent's motion to dismiss. Respondent has not filed a reply.

**BACKGROUND**

        On July 25, 2006, the Board found petitioner unsuitable for parole. (Pet., Ex. A.) On October 23, 2007, petitioner filed a petition for writ of habeas corpus in the San Francisco County Superior Court challenging the Board's 2006 decision. (Resp't's Ex. 1.) On January 23,

1

2008, the Superior Court denied the petition.  (Pet., Ex. E.)  Petitioner subsequently filed a petition for writ of habeas corpus in the California Court of Appeal which was denied on February 8, 2008.  (Pet., Ex. F.)  Finally, on February 20, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (Resp't's Ex. 2.)  On April 16, 2008, the California Supreme Court denied the petition.  (Pet., Ex. G.)  Petitioner filed his federal petition on May 21, 2008.

## RESPONDENT'S MOTION TO DISMISS

Respondent moves to dismiss arguing that petitioner's federal habeas petition is time-barred.  Specifically, respondent argues that the Board's decision to deny petitioner parole became final on November 22, 2006 and that petitioner had one year thereafter in which to file a federal habeas petition challenging that decision.  (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that the proper filing of a state post-conviction application presenting the pertinent claims tolls the one-year federal statute of limitations period.  However, respondent argues that petitioner did not file his first state habeas petition in the San Francisco County Superior Court until October 23, 2007, after 335 days of the federal limitations period had run.  Respondent notes that the California Supreme Court denied petitioner's final state habeas petition on April 16, 2008, and that the statute of limitations for the filing of a federal petition began to run again on that date until it expired on May 16, 2008.  Respondent observes that petitioner did not file his federal petition until May 21, 2008.  Accordingly, respondent concludes petitioner's federal petition is time-barred, having been filed five days after the statute of limitations expired.  (Resp't's Mot. to Dismiss at 4.)

## PETITIONER'S OPPOSITION

Petitioner has filed an opposition to respondent's motion to dismiss arguing that he faced various circumstances, some of them extreme, that prevented him from timely filing his federal habeas petition.  Petitioner has attached to his opposition a copy of a CSP-Solano program status report effective January 23, 2008, stating that Facilities 3 and 4 would be on a

1  modified program until all Level II inmates had a tuberculosis test.  According to the status
2  report, only inmates with approved court deadlines could access the law library.  Petitioner
3  argues that from January 2008 to May 2008, he was "quarantine[d]" on numerous occasions, was
4  finally diagnosed with tuberculosis and is now receiving treatment.  Petitioner contends that
5  "standing in long medication lines and trying to make it to the law library to do research on
6  medication day is sometimes impossible."  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-2 &
7  Ex. A.)

In addition, petitioner has attached to his opposition copies of CSP-Solano program status reports effective March 24, 2008, and March 27, 2008, which state that various facilities would be on a modified program because staff discovered an anonymous note indicating that there was a possible "zip gun" within the facility.  The reports again indicate that only inmates with approved court deadlines could access the library during this time.  Finally, petitioner has submitted a copy of a CSP-Solano program status report effective April 1, 2008, which states that CSP-Solano would be on lockdown because of the existing "zip gun" threat.  This report also indicates that while the lockdown was in place, only inmates with approved court deadlines could access the library.  Based on these circumstances, petitioner argues that the court should allow his case to move forward and decide his petition on the merits.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-2 & Exs. B-D.)

## ANALYSIS

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

/////

/////

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D)

     The Ninth Circuit Court of Appeals has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period

/////

begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In this case, the parties do not dispute that the Board conducted a parole hearing and found petitioner unsuitable for parole on July 25, 2006. The parties also do not dispute that the Board's decision became final on November 22, 2006. For purposes of federal habeas relief, the one-year statute of limitations therefore began to run no later than November 23, 2006, the day after the Board's decision became final, and expired one year later on November 22, 2007. See Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same). Petitioner filed his federal habeas petition on May 21, 2008, approximately six months later. Accordingly, the petition is untimely unless petitioner is entitled to statutory or equitable tolling.

III.  Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed his first state habeas petition in the San Francisco County Superior Court on October 23, 2007, after eleven months of the federal limitations period had elapsed. Petitioner then filed his state habeas petitions in the California Court of Appeal and the California Supreme Court. Assuming petitioner is entitled to statutory tolling for the period

of time his state habeas petitions were pending in the California Court of Appeal and the California Supreme Court, more than a month elapsed under the statute of limitations between the California Supreme Court's denial of his habeas petition and the filing of his federal petition. Accordingly, by the time petitioner filed his federal petition on May 21, 2008, more than one year had elapsed under the statute of limitations, rendering petitioner's federal habeas petition time-barred.

IV.  Equitable Tolling

The U.S. Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). See also Lawrence v. Florida, 549 U.S. 327, 328 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)).  The Ninth Circuit has stated that "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008).  Nonetheless, equitable tolling of the AEDPA statute of limitations will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Moreover, a habeas petitioner seeking equitable tolling must show that the extraordinary circumstances alleged were the "but for" proximate cause of the untimely filing of his federal petition.  Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

Here, even assuming petitioner has been pursuing his claims diligently, he has failed to demonstrate that he encountered extraordinary circumstances that warrant equitable tolling.  Petitioner alleges that from January 2008 to May 2008, he was quarantined on numerous occasions.  He also alleges that he has been diagnosed with tuberculosis and is now receiving treatment.  To be sure, contracting tuberculosis could represent an extraordinary circumstance.  But in this case, petitioner has not explained what specific dates he was quarantined nor has he

provided the court with the specific timing of his illness.  Petitioner has also failed to explain in any way how having contracted tuberculosis or being quarantined affected or interfered with his ability to timely file his habeas petition in this court.[1]  See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (upholding a finding that equitable tolling was inapplicable where prisoner failed to show causal connection between physical and mental disabilities and inability to timely file petition), modified on other grounds by, 447 F.3d 1165 (9th Cir. 2006).

Petitioner also alleges that he encountered scheduling difficulties on days he wanted to go to the law library and still pick up his tuberculosis medication.  In addition, petitioner has submitted reports indicating that prison officials limited inmate law library access on or around January 23, 2008, until they finished testing Level II inmates for tuberculosis.  Limited law library access, however, does not provide a ground for equitable tolling.  See, e.g., United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding that lockdowns lasting more than one week and eliminating access to law library were not extraordinary circumstances warranting equitable tolling).  Moreover, the petition pending before this court is identical to the petition petitioner previously filed in the California Supreme Court, indicating that petitioner did not need as much library access as he suggests to submit his federal petition.

Finally, petitioner has submitted CSP-Solano status reports indicating that prison officials placed the facility on a modified program or lockdown at the end of March 2008 and part of April 2008, because of a possible "zip gun" threat.  However, as noted above, lockdowns and library closures do not constitute extraordinary circumstances warranting equitable tolling.  See Van Poyck, 980 F. Supp. at 1111.  "Prisoners familiar with the routine restrictions of prison

---

[1] The court also notes that petitioner has submitted with his opposition a copy of his legal mail log.  (Pet'r's Ex. G.)  The log shows that from January 2008 to May 2008, petitioner mailed his petition for writ of habeas corpus to the California Supreme Court and also submitted an inmate appeal to the director's level of review.  Insofar as petitioner was adversely affected by having contracted tuberculosis and by the related conditions of his confinement, his record of activities during the same time period nonetheless suggests that he was not incapable of timely filing a federal petition.

life must take such matters into account when calculating when to file a federal [habeas] petition." Boyd v. Kramer, No. Civ. S-05-00988 ALA HC, 2008 WL 782766, *6 (E.D. Cal. Mar. 21, 2008) (quoting Atkins v. Harris, No. C 98-3188 MJJ (PR), 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) (reasoning that lockdowns, restricted library access and transfers do not constitute extraordinary circumstances)).

Under these circumstances, the court concludes that petitioner's federal petition for a writ of habeas corpus is time-barred. Respondent's motion to dismiss should therefore be granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's October 2, 2008 motion to dismiss (Doc. No 13) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
tayl1194.157